Dear Councilman Suire:
Your request for an opinion was forwarded to our office from the Legislative Auditor. As we appreciate the request, you question the applicability of compensatory time to firefighters and to employees who are employed as supervisors for the City of New Iberia. You also question line items in the city's budget and administrative leave for city employees. We will address each topic as outlined below.
COMPENSATORY TIME
Public employees may receive compensatory time off for each hour of work that overtime compensation is required. The Fair Labor Standards Act, 29 U.S.C. § 201, et seq, applies to political subdivisions of the state and mandates that employees working more than forty hours per week receive compensation of one and one-half times the regular rate of pay, or, in the case of political subdivisions, compensatory time off at a rate not less than one and one-half hours for each hour of overtime employment. There are numerous exemptions to the overtime compensation requirements of the Fair Labor Standards Act. These exemptions are found in 29 U.S.C. § 213, which provides in part as follows:
 . . . this title shall not apply with respect to:
 (1) any employee employed in a bona fide executive, administrative, or professional capacity . . . .
We previously opined that an administrative employee is an employee whose primary duty consists of office or non-manual work directly related to management policies or general business operations for the employer or the employer's customers, which includes work requiring the exercise of discretion and independent judgment. A determination of exempt status under the Fair Labor Standards Act is primarily a question of fact. See Attorney General Opinion No. 00-503. Our office does not issue opinions on questions of fact. Therefore, you will have to decide if the employees you refer to in your request fall within the definition of executive, administrative, or professional employees as defined under the Fair Labor Standards Act.
There is another exception found in the Fair Labor Standards Act, specifically, 29 U.S.C. § 207(k), for employees in fire protection or law enforcement activities. This exception provides as follows:
 No public agency shall be deemed to have violated sub-section (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if —
 (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6 (c) (3) of the Fair Labor Standards Amendments of 1974) in tours of duty or employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or
 (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1) bears to 28 days, compensation at a rate of not less than one and one-half times the regular rate at which he is employed.
Thus, fire protection employees may be exempt form overtime compensation depending upon the amount of time the employee worked in a 28 day period, as per the Fair Labor Standards Act quoted above.
Please note that notwithstanding the exemptions in the Fair Labor Standards Act, state law may require payment of overtime to an employee who is otherwise exempt. If an employer leads an employee to reasonably expect to receive compensatory time off, the employer can be contractually bound to grant compensatory time off to the employee.Knecht, et al. v. The Board of Trustees, 591 So.2d 690 (La. 1991).
LINE ITEMS
A line item is a sum of money dedicated to a specific purpose in a duly adopted budget. A mayor has discretion in applying those monies which have been approved by the council for certain budgetary items to the use for which they were appropriated. Conversely, a mayor cannot use funds which are appropriated for a specific purpose to make purchases of non-related items. See Attorney General Opinion No. 76-1714. Thus, if the council has dedicated certain funds for recycling, as indicated in your request, those funds must be applied to the cost of recycling and not to an unrelated matter.
You also ask if a line item in the budget can be expended without receiving bids. While La.R.S. 33:462 requires that all expenditures be pursuant to a specific appropriation and be made in compliance with the Public Bid Law, it is important to note that the Public Bid Law does not require bids for all transactions. The Public Bid Law does not require that contracts for services be bid. See Attorney General Opinion No. 00-246. However, the City Council may impose requirements on expenditures which are not required by state law and if such action was taken with regard to the appropriation for recycling services it would be a prerequisite to the expenditure of those funds.
ADMINISTRATIVE LEAVE
You question if a city employee may be placed on administrative leave with pay. We suggest that you look to any local ordinances or local civil service rules on this issue. However, public employees may only receive compensation and/or benefits which are earned. To do otherwise would be tantamount to a donation of public funds which is expressly prohibited by Article 7, Section 14 of the Louisiana Constitution of 1974. See Attorney General Opinion No. 01-113.
We trust that this responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
 With kindest regards, Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:crt
DATE RECEIVED: July 25, 2001
DATE RELEASED: September 7, 2001